**YOUR FOOD STORES OF SANTA FE, Inc.**

v.

**RETAIL CLERKS LOCAL NO. 1564 (A. F. L.) et al.**

**Civ. A. No. 2543.**

United States District Court
D. New Mexico.
May 22, 1954.

F. A. Catron, Santa Fe, N. M., for plaintiff.

Edwin L. Felter, Santa Fe, N. M., for defendants.

BRATTON, Circuit Judge.

This is an action instituted by Your Food Stores of Santa Fe, Inc., a corporation, against Retail Clerks Local No. 1564, affiliated with the American Federation of Labor, Meat Cutters and Butcher Workmen Local No. 168, affiliated with the American Federation of Labor, and certain officials and representatives of the two local unions, respectively.

It is pleaded in the complaint that plaintiff is engaged in the operation of a food market and shopping center in Santa Fe, New Mexico; that in January, 1954, the two local unions represented to plaintiff that such unions, respectively, represented the employees of plaintiff in its meat market, grocery, and other departments, and called upon plaintiff to recognize them as the bargaining representatives of its employees and to enter into contracts with them providing, among other things, for a union shop; that at the time referred to, the unions did not represent a majority of the employees in the units mentioned by reason whereof plaintiff refused the requested recognition and refused to enter into the requested contracts; that plaintiff advised the representatives of the local unions that it was willing for an election to be held to determine the question of representation and that the local unions refused the offer of an election; that in February, 1954, the employees of plaintiff formed an employee organization to represent such employees in their dealings with plaintiff as their employer; that 32 out of a total of 36 of its non-supervisory and other than temporary employees joined and became members of such organization; that on March 1, 1954, the employee organization called upon plaintiff to be recognized as the authorized representative of plaintiff's non-supervisory and other than temporary employees for collective bargaining purposes; that on March 5, 1954, the defendant local unions established a picket line on plaintiff's premises in front of the entrance to the food market; and that such picket line has continued and will be continued unless restrained. It is further alleged that the picketing has for its purposes and objectives compelling plaintiff to recognize the defendant unions as the representatives of the employees of plaintiff for collective bargining purposes, compelling plaintiff to negotiate for a contract with the unions as the representatives of the employees, and coercing such employees into joining one or the other of such union in order to retain their employment with plaintiff. It is further alleged that such acts and conduct on the part of the defendants constitute violations of certain provisions of the Labor Management Relations Act, as amended, 29 U.S. C.A. § 141 et seq. And it is further alleged that such picketing has interfered with the normal operation of plaintiff's store with resulting loss of business whereby plaintiff has been deprived of its property without due process of law. The prayer is that the defendants be restrained from picketing or maintaining a picket line in or about plaintiff's premises and from otherwise interfering with plaintiff in the operation of its business and business properties.

The action was instituted in the state court and that court entered a temporary restraining order substantially as sought in the complaint. The cause was seasonably removed to this court, and thereafter defendants filed a motion to vacate the temporary restraining order on the ground that the state court was without jurisdiction to enter such an order. And the defendants also filed a motion to dismiss the action on the ground that neither the state court nor this court has jurisdiction to grant the equitable relief prayed for in the cause. The cause is before the court on these motions.

In addition to pleading that the acts and conduct of the defendants constitute unfair labor practices within the intent and meaning of the Labor Management Relations Act, supra, plaintiff admitted in the course of the hearing on the motions that during the year immediately preceding the institution of the suit, it purchased within New Mexico

approximately sixty per cent of the merchandise with which it stocked its shelves and purchased outside of New Mexico the remaining approximately forty per cent; and that its imports of merchandise from other states for sale at its food market and shopping center were approximately $400,000. It is clear that plaintiff and its employees are engaged in commerce or are so intimately related to commerce as to be in practical and legal contemplation a part of it, within the intent and meaning of the Labor Management Relations Act; and that the Labor Relations Board is clothed with jurisdiction to consider and determine in the first instance any charge of unfair labor practices under such act occurring in connection with the business of plaintiff. National Labor Relations Board v. J. L. Hudson Co., 6 Cir., 135 F.2d 380, certiorari denied, 320 U.S. 740, 64 S.Ct. 40, 88 L.Ed. 439; J. L. Brandeis & Sons v. National Labor Relations Board, 8 Cir., 142 F.2d 977, certiorari denied, 323 U.S. 751, 65 S.Ct. 85, 89 L.Ed. 601; National Labor Relations Board v. May Department Stores Co., 8 Cir., 146 F.2d 66, modified and affirmed, 326 U.S. 376, 66 S.Ct. 203, 90 L. Ed. 145; National Labor Relations Board v. Local 74, United Brotherhood of Carpenters & Joiners of America, 6 Cir., 181 F.2d 126, affirmed 341 U.S. 707, 71 S.Ct. 966, 95 L.Ed. 1309.

The Labor Management Relations Act provides a comprehensive system for dealing with labor relations affecting interstate commerce, and it is the well-recognized general rule that within the limits of the Act the field is preempted so as to exclude state action. But that general rule is subject to certain qualifications. One is that if picketing is attended by violence and threatens personal injury or property damage to the public, to the employer, or to employees desiring to work, the state in the exercise of the police power may prohibit the picketing. Allen-Bradley Local 1111, United Electrical Radio and Machine Workers v. Wisconsin Employment Relations Board, 315 U.S. 740, 62 S.Ct. 820, 86 L.Ed 1154. And there may be other qualifications to the general rule, but they have no material bearing here. The complaint does not allege directly or indirectly that the picketing was attended by violence, and no suggestion to that effect was made in the course of the argument at the bar of the court. The case as pleaded in the complaint is a simple one of picketing the premises of plaintiff for purposes and objectives which constitute unfair labor practices under the Labor Management Relations Act. And the state court was without jurisdiction to restrain picketing which constituted unfair labor practices of that kind. Garner v. Teamsters, Chauffeurs and Helpers Local Union No. 776, 346 U.S. 485, 74 S.Ct. 161; Building Trades Council v. Kinard Construction Co., 346 U.S. 933, 74 S.Ct. 373.

By the terms of the Labor Management Relations Act, the National Labor Relations Board is vested with exclusive original jurisdiction to consider charges of unfair labor practices in interstate commerce or affecting such commerce. Section 10(j) of the Act, 29 U. S.C.A. § 160(j) provides that the Board shall have power, upon the issuance of a complaint as provided in subsection (b) of the section charging that any person has engaged in or is engaging in an unfair labor practice, to petition any district court of the United States within the district wherein such practice is alleged to have occurred or wherein such person resides or transacts business for an appropriate temporary relief or restraining order; that upon the filing of such petition the court shall cause notice thereof to be served upon such person; and that thereupon the court shall have jurisdiction to grant to the Board such temporary relief or restraining order as it deems just and proper. But this action does not fall within the ambit of that statute. The National Labor Relations Board is not seeking injunctive relief. It is not a party to the action. The action is one instituted by a private corporation seeking in general terms equitable relief entirely apart from and not

ancillary to any action by the Board. And this court is without jurisdiction to grant such general equitable relief in respect to a labor controversy affecting commerce, within the meaning of the Act, supra. Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 167 F.2d 183.

For the reasons indicated, the temporary restraining order will be dissolved and the action will be dismissed.