**RETAIL CLERKS LOCAL NO. 1564 (A. F. L.) and Meat Cutters and Butcher Workmen Local No. 168 (A. F. L.); John T. Row; E. D. Bennie; Joe Maestas and Cecil Henninger; their associates, agents, servants and employees, Appellants,**

v.

**YOUR FOOD STORES OF SANTA FE, Inc., a corporation, Appellee.**

No. 5049.

United States Court of Appeals Tenth Circuit.

Aug. 4, 1955.

**660**

Mozart G. Ratner, Chicago, Ill. (S. G. Lippman, Chicago, Ill., on the brief), for appellant.

Fletcher A. Catron, Santa Fe, New Mexico, for appellee.

Before PHILLIPS, Chief Judge, MURRAH, Circuit Judge, and WALLACE, District Judge.

WALLACE, District Judge.

The appellants, Retail Clerks Local No. 1564 (A.F.L.) and Meat Cutters and Butcher Workmen Local No. 168 (A.F. L.); John T. Row; E. D. Bennie; Joe Maestas and Cecil Henniger; their associates, agents, servants and employees (herein referred to as "Unions") instituted this action in the New Mexico federal district court against the appellees, Your Food Stores of Santa Fe, Inc., a corporation (herein referred to as "Store") to gain relief from an injunction issued by the state district court of Santa Fe, New Mexico, restraining the Unions from picketing the Store on the Store's premises. The trial court refused to interfere with the state court injunction, recognized the state court's jurisdiction to deal with the issue of "trespass" upon the Store's property, and denied the Unions' petition for injunction and order to show cause. From such denial the Unions appeal.

The Unions' principal contention below and again here on appeal is that in a prior suit between these same parties, the federal district court (Bratton, Circuit Judge, presiding) ruled, among other things, that the state district court was without jurisdiction to interfere with the peaceful picketing of the Store by the Unions inasmuch as such field had

been federally pre-empted by the enacting of the National Labor Management Relations Act, as amended, Title 29 U. S.C.A. § 151 et seq. (herein referred to as "Act") ; and, that this previous decision is res judicata to the present state court attempt to enjoin the Unions.[1]

In the instant case, the trial court held the defense of res judicata inapplicable because the original federal court action "was moulded on the theory that the picketing by Unions, was an unfair labor practice within the scope of the Labor Management Relations Act of 1947" and "The matter of picketing being a trespass, was not in issue at the first hearing, was not a contention of plaintiff Food Stores, and no adversarial proceedings were had by the contestants on that precise issue"; and, for the further reason that the National Labor Relations Board (herein referred to as NLRB) in refusing to exercise its jurisdictional authority over this controversy, abdicated its authority and thereby revested the state court with jurisdiction.[2]

After carefully studying the pleadings and orders in the first federal court action, this Court has concluded that such prior action did involve, in substance, the issue presented in the present state court action; and, that such prior final decision stands as a bar to a further litigating of such issue.

The first action was originally filed in the state court. In such complaint the Store urged, among other things, that the Unions were engaged in unlawful picketing and were thereby restraining and coercing the Store's employees in violation of the employees' rights of free self-organization; and, were seeking to compel the Store to engage in unfair labor practices, all in violation of the Act.[3] The Store further alleged that no labor dispute or controversy existed between the Store and its employees and that the picketing interfered with the normal operation of the Store's business, thereby depriving the Store of its property without due process of law in violation of the federal and state constitutions. In addition, the Store alleged "an unlawful trespass on the property of plaintiff, without its consent, and thereby deprives plaintiff (Store) of the peaceful use and enjoyment of its property in violation of the law." The Store prayed for temporary and permanent injunctions enjoining the Unions from "picketing or maintaining a picket line, on, in or about plaintiff's premises" and "from otherwise interfering with plaintiff in the operation of its business properties." The state court issued a temporary restraining order in terms identical with the requested relief. However, after proper removal to the New Mexico Federal District Court, Judge Bratton sustained a motion to dismiss and dissolved the temporary restraining order.[4] In so ruling Judge Bratton observed that inasmuch as the case involved picketing of plaintiff's premises for purposes and objectives constituting unfair labor practices in interstate commerce within the purview of the Act, the Act pre-empted state court authority in the absence of a showing of violence, damage to person or property, or other evidence calling into play the state police power.[5] He further conclud-

1. Judge Bratton's opinion is reported at D.C., 121 F.Supp. 339.

2. The opinion of the trial judge, Rogers, is reported at D.C., 124 F.Supp. 697.

3. See 29 U.S.C.A. §§ 157, 158(a) (1), 158(a) (2), 158(b) (1) and 158(b) (2) (as amended June 23, 1947).

4. See fn. 1, supra.

5. Read Allen-Bradley Local No. 1111, United Electrical Radio and Machine Workers of America v. Wisconsin Employment Relations Board, 1942, 315 U.S. 740, 62 S.Ct. 820, 86 L.Ed. 1154; International Union U. A. W. A. F. of L., Local 232 v. Wisconsin Employment Relations Board, 1949, 336 U.S. 245, 69 S.Ct. 516, 93 L.Ed. 651; Algoma Plywood & Veneer Co. v. Wisconsin Employment Relations Board, 1949, 336 U.S. 301, 69 S.Ct. 584, 93 L.Ed. 691. Cf. United Construction Workers, affiliated with United Mine Workers of Ameri-

ed that the federal court lacked jurisdiction to consider the Store's complaint as a private litigant because the Act explicitly limited federal jurisdiction to cases wherein the NLRB petitions for equitable relief from unfair labor practices.[6] Judge Bratton's judgment was never appealed from; and, no motion to remand to the state court was ever filed.

In July of 1954, some seven weeks after the entering of judgment in the first case, the Regional Director of the NLRB advised both parties by letter that the Store's interstate operations did not appear to meet any of the newly announced "standards for the assertion of jurisdiction," and that the director was therefore refusing to issue a complaint against the Store in response to the Unions' charges.[7]

Thereafter, upon a resumption by the Unions of their peaceful picketing the Store instituted another action in the state court and obtained the controverted temporary injunction based upon the allegation that "the picketing and maintaining of said picket line on plaintiff's (Store's) * * * premises is unlawful in that it constitutes a trespass, without plaintiff's consent, upon its premises and deprives it and its patrons of the free and unobstructed use of its property and interferes with the normal operation by plaintiff of its business * * * whereby plaintiff has been unlawfully deprived of its property without due process of law in violation of" the New Mexico Constitution. Although this second action accented "trespass" as distinguished from the dominant underlying theory of the first action that the picketing was an unfair labor practice within the meaning of the Act, unquestionably the jurisdiction of the state court to enjoin picketing as a trespass was placed in issue in the first action.[8] And, the mere fact that the requested injunction in the second case was more narrow in scope, being limited to picketing "on the premises", in no way precludes the prior judgment from constituting a bar even though the broader issue of authority to enjoin "on, in or about" the premises was then in view. Res judicata looks to substance, not shadow, and the more comprehensive finding embraces the more limited. If the Store wishes to attack the validity of Judge Bratton's holding the proper avenue was a prompt appeal to this court for review.[9] It cannot let the judgment become final, acquiescing in its effect, and then by variation of theory again

ca v. Laburnum Construction Corp., 1954, 347 U.S. 656, 74 S.Ct. 833, 98 L.Ed. 1025.

6. See 29 U.S.C.A. § 160(j). Read Amazon Cotton Mill Co. v. Textile Workers Union, 4 Cir., 1948, 167 F.2d 183, 187, 188; and, Amalgamated Clothing Workers of America v. Richman Brothers Co., 1955, 348 U.S. 511, 516–519, 75 S. Ct. 452.

7. The new standards were handed down on June 30, 1954. For budgetary, or other reasons best known to the NLRB, it became the policy to decline to exercise jurisdiction in cases involving independent retail stores, unless the store involved had annual purchases amounting to at least $1,000,000, coming to it directly from outside the state. As shown by Judge Bratton's opinion, the Store's "imports of merchandise from other states for sale at its food market and shopping center were approximately $400,000" for the preceding year.

Your Food Stores of Santa Fe, Inc., v. Retail Clerks Local, footnote 1, supra, 121 F.Supp. at page 342.

8. Significantly, Congress did not make the application of the federal act dependent on state law: N. L. R. B. v. Hearst Publications, Inc., 1944, 322 U.S. 111, 123, 64 S.Ct. 851, 88 L.Ed. 1170. The "vagaries of state rules of law may not override provisions" of the Act; Rabouin v. N. L. R. B., 2 Cir., 1952, 195 F.2d 906, 910; and, a "State may not prohibit the exercise of rights which the federal Act protects." Weber v. Anheuser-Busch, Inc., 1955, 348 U.S. 468, 75 S.Ct. 480, 484.

9. Angel v. Bullington, 1946, 30 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832; United States v. Munsingwear, Inc., 1950, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36; Southern Pacific Railroad Co. v. United States, 1897, 168 U.S. 1, 48–49, 18 S. Ct. 18, 42 L.Ed. 355.

seek substantially the same relief previously denied; and, thereby by collateral attack vitiate the effect of the prior final judgment.[10]

■ Neither is it material that the federal court has no authority under section 2283 of Title 28 U.S.C.A., to enjoin state court action in this field when the claim of federal preemption is raised by private parties rather than by the NLRB.[11] In dissolving the first state court injunction, Judge Bratton was in no way dependent upon section 2283 for authority, but was merely exercising the basic right to pass upon his own jurisdiction following an orderly removal from the state court. By the motion to dismiss and to dissolve the temporary restraining order the question of both state and federal jurisdiction was placed at issue and the subsequent dismissal amounted to an adjudication of this jurisdictional feature. Although the dismissal is not determinative of the substantive issues in controversy it is a valid final judgment now properly protectable from collateral attack by the exercise of equitable authority granted by section 2283.

■ Moreover, the refusal by the NLRB to entertain the instant grievance on its merits did not of itself alter the pertinent law thereby revesting the state court with authority to proceed.[12] Amended section 10(a) of the Act specifically provides what this Court deems to be the only way state authorities can be vested with authority now within the exclusive purview of the Act.[13] Unless and until there is an express ceding of jurisdiction to a proper state agency exclusive jurisdiction remains in the federal agency. For sake of order such must be true. Otherwise, an interminable problem of determining jurisdiction would exist, throwing needless confusion into an area clearly pre-empted by Congress.[14]

The judgment of the district court is reversed with directions to proceed in a manner consistent with this opinion.

10. For purposes of res judicata the instant dismissal was on its merits even though jurisdiction rather than substantive issues were in view. See Treinies v. Sunshine Mining Co., 1939, 308 U.S. 66, 60 S.Ct. 44, 84 L.Ed. 464; Stoll v. Gottlieb, 1938, 305 U.S. 165, 59 S.Ct. 134, 83 L.Ed. 104; and, Angel v. Bullinton, fn. 8, supra.

11. See Amalgamated Clothing Workers of America v. Richman Brothers Co., fn. 6, supra.

12. As to an intervening change in the applicable law doing away with res judicata as a defense see Blair v. Commissioner of Internal Revenue, 1937, 300 U.S. 5, 57 S.Ct. 330, 81 L.Ed. 465. Cf. State Farm Mutual Automobile Insurance Co. v. Duel, 1945, 324 U.S. 154, 162, 65 S.Ct. 573, 89 L.Ed. 812.

13. "The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in Sec. 8) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise: Provided, That the Board is empowered by agreement with any agency of any State or Territory to cede to such agency jurisdiction over any cases in any industry * * * even though such cases may involve labor disputes affecting commerce, unless the provision of the State or Territorial statute applicable to the determination of such cases by such agency is inconsistent with the corresponding provision of this act or has received a construction inconsistent therewith." 29 U.S.C.A. § 160 (a). See Universal Car Co. v. Ass'n of Machinists, 35 L.R.R.M. 2088 (Cir.Ct. Kent County, Mich., 1954).

14. As mentioned in the Universal Car Co. case, fn. 12, at p. 2098: "If the jurisdiction of the state courts is to depend— not upon the act of Congress and the actual jurisdiction of the NLRB—but upon the day-to-day or month-to-month discretionary exercise of jurisdiction by the Board, dependent upon changing budgetary conditions or upon its economic, social or political views at the moment, then neither the courts nor the litigants can know with any certainty where jurisdiction lies, nor whether in a given case jurisdiction existing at the time of its commencement will continue until its final decision."