**FOOD BASKET, Incorporated,**
**Appellant,**

v.

**AMALGAMATED MEAT CUTTERS & BUTCHER WORKMEN OF N. A., A. F. OF L. LOCAL 227, et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 28, 1956.

————◆————

Morris Borowitz, David L. Proffit, James U. Smith, Jr., Louisville, for appellant.

Chas. Isenberg, Louisville, Mozart G. Ratner, Chicago, Ill., Herbert Segal, Louisville, for appellees.

STANLEY, Commissioner.

The appeal is from an order dismissing a complaint by the appellant, Food Basket, Incorporated, against Amalgamated Meat Cutters & Butcher Workmen of N. A., A. F. of L. Local 227, and representatives of the union. The plaintiff prayed for (1) a judicial declaration that the defendants had no right to maintain a picket line at the plaintiff's store, (2) an injunction against such action, and (3) damages in the sum of $3,000. We abridge the allegations of the pleading.

The plaintiff conducts a retail grocery on Taylor Boulevard in Louisville. On August 28, 1954, the defendants set up and have continuously maintained a picket line in and around the store. The pickets carry signs reading, "Food Basket employees, please join Local 227." They have congregated on and blocked access to the entrances and driveways of the store, "thereby interrupting customers" and "thereby interfering with patrons of plaintiff's store." The pickets have distributed literature to the customers and have talked with and persuaded some of those who deliver goods to the store not to make the deliveries. It is further alleged that the defendants, by their joint and concerted action, have "willfully, maliciously, intentionally and unlawfully interfered with and attempted to injure and destroy plaintiff's business" and are attempting to force the plaintiff "to coerce its employees into joining the union in violation of KRS 336.-130" and to "interfere with the right of its employees to join or refrain from joining this or any other union" contrary to the Constitution, laws and public policy of the Commonwealth of Kentucky. The allegation in respect to damages is that by reason of these unlawful acts and the defendants' interference with the plaintiff's business, the plaintiff has suffered "irreparable loss, damage and possible destruction of its business if continuation of the illegal acts of the defendants are not enjoined" and it is "not possible to estimate the exact

amount of damage that has been caused to the plaintiff but that it exceeds $3,000." The trial court on motion dismissed the complaint on the authority of National Electric Service Corp. v. District Fifty United Mine Workers of America, Ky., 279 S.W.2d 808, and Your Food Stores of Santa Fe v. Retail Clerks Local No. 1564, D.C., 121 F.Supp. 339 (held in Retail Clerks Local No. 1564 v. Your Food Stores, 10 Cir., 225 F.2d 659, to be res judicata of a later case in the District Court). The two cases cited recognize that under Garner v. Teamsters, Chauffeurs and Helpers Local Union, 346 U.S. 485, 74 S.Ct. 161, 164, 98 L.Ed. 228, a state court may not enjoin under its own statute conduct which is " 'an unfair labor practice' " of which the National Labor Relations Board has exclusive jurisdiction under the Federal statutes.

Following a series of motions and orders in relation to temporary injunctions, the injunction part of the case has become moot, as the parties agree. It appears that following the opening of another store in a different section of Louisville, which was likewise picketed, the National Labor Relations Board took jurisdiction over the question of whether there is a labor dispute within federal law. The declaratory judgment part of the case has also been eliminated, for it is the basis of the right or absence of right to picket the property. We have, therefore, only the pleading of a cause of action for damages independent of the pleading for injunctive relief. The arguments are confined to the question of jurisdiction of the state court over such an action where the National Labor Relations Board has taken jurisdiction of a labor dispute.

We need not go into the question argued. For the purposes of the decision we will accept as an hypothesis without a definite decision the appellant's contention that jurisdiction of the action for damages growing out of the alleged labor dispute was not lost but has continued in the state court. We decide the case upon the ground that the complaint as a whole is insufficient in law to state such a cause of action.

The tenor and the object of the pleading of damages seems to have been to plead present and impending irreparable injury, or injury for which there was no adequate remedy at law available, in order to justify the court in awarding a preventive and protective injunction. The necessity of pleading and showing the inadequacy of damages is an ancient rule since that is the "broad foundation of remedial jurisdiction in equity." Hillman v. Hurley, 82 Ky. 626.

The acts complained of had begun seven days before the suit was filed and there was no amendment seeking damages accruing after the commencement of the action. So the damages sought were for only one week.

Proceeding on the assumption, *arguendo*, that jurisdiction of a cause of action for damages in conjunction with a suit for injunctive relief remains in the state court after the National Labor Relations Board has assumed jurisdiction of the issue of unfair labor practices, we come to the question of whether the allegations of the complaint state a cause of action for damages.

The allegations in general are that the defendants *had* wrongfully "interfered with and attempted to injure and destroy the plaintiff's business" and *"are"* attempting to force unionization of the store. In doing so, it is alleged, the defendants had been maintaining a picket line in front of plaintiff's store and "have blocked access to its entrances and driveways and are thereby interfering with its customers," and had persuaded deliverymen not to make deliveries to the store.

These allegations, it is apparent, really form the basis for injunctive relief being sought. Recovery of damages was not the gist of the action. The additional pleading in respect to damages is merely that the plaintiff's business had been thereby interfered with and that it has suffered "ir-

reparable loss, damage and *possible destruction* of its business *if continuation* of the illegal acts of the defendants are not enjoined" and it is "not possible to estimate the exact amount of damage that has been caused to the plaintiff but that it exceeds $3,000." (Emphasis added.) There is confusion in the language in regard to past and future claimed wrongful acts of the defendants and to damages.

We do not construe the complaint as stating a claim for damages separate and apart from the injunctive relief sought. Although it was dismissed upon another ground, we affirm the judgment upon this ground.

Judgment affirmed.