**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**NOV 1 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

| | |
|---|---|
| ERIC B. RUSSELL-EL, | |
| Plaintiff-Appellant, | No. 99-1124 |
| v. | District of Colorado |
| UNITED STATES OF AMERICA; UNITED STATES BUREAU OF PRISONS; LT. FLOWERS; LT. MARAGGA; MS. WILSON, Unit Manager; MR. PAYNE, Captain; MR. LEE, I.S.M.; MR. HINES, Captain; Correctional Officers 1-6 (Unknown), Medical P.A. (Unknown), Medical Doctor (Unknown); Lt. (Unknown); JAMES L. WHEATON, Lt.; KATHLEEN M. HAWK, Director. | (D.C. No. 98-D-941) |
| Defendants-Appellees. | |

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, and **BALDOCK** and **HENRY**, Circuit Judges.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Russell-El initiated this action by filing pro se a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), on April 29, 1998, which he amended on May 28, 1998. He sought money damages, naming in his complaint several named and unnamed Bureau of Prisons officials in Florence, Colorado, and Kathleen Hawk, the Director of the United States Bureau of Prisons. The district court dismissed Mr. Russell-El's complaint, holding that the statute of limitations barred his claims. He filed a timely notice of appeal, asserting that the district court erred as to his Bivens claim. We review de novo the district court's determination the claims are time-barred by the statute of limitations. See Sterlin v. Biomune Systems, 154 F.3d 1191, 1194 (10th Cir. 1998).

Pursuant to Bivens, Mr. Russell-El must allege that the defendants have violated his rights under the Constitution and laws of the United States while they acted under color of federal law. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970). Construing the pro se complaint liberally, as we must, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th

Cir. 1991), Mr. Russell-El alleges that prison officials acting under color of federal law violated his constitutional rights by subjecting him to excessive force, by displaying deliberate indifference to his serious medical needs, see U.S. Const. amend. VIII, and by denying him equal protection, see U.S. Const. amend. V, and the free exercise of his religion, see U.S. Const. amend. I.

Mr. Russell-El's claims arose from a disturbance at the Federal Correction Institution in Florence, Colorado. The district court summarized the allegations as follows:

> Mr. Russell-El alleges that on October 26, 1995, a prison riot occurred on the compound while he was being held in segregation. He maintains that on October 29, 1995, he was transported to another prison where he was beaten by six unknown correctional officers and verbally abused with racial slurs because of his alleged involvement in the October 26 riot. He further maintains that an unknown doctor and an unknown physician's assistant failed or refused to treat the injuries that he suffered when he was beaten.
>
> Mr. Russell-El assert that on November 6, 1995, he received an incident report charging him with attempting to riot and with inciting others to riot. He further asserts that the incident report was issued solely because of his race and religious beliefs. Mr. Russell-El contends that the incident report later was expunged by a disciplinary hearing officer who determined that the plaintiff could not have participated in the riot because he was in segregation when the riot occurred.

Rec. vol. I, doc. 30, at 2-3 (Dist. Ct. Order, filed Feb. 18, 1999) [hereinafter "Order of Dismissal"].

Bivens actions, like civil rights actions asserted pursuant to 42 U.S.C. § 1983, are subject to the statute of limitations found in the general personal injury statute of the state in which the action arose. See Industrial Constructors Corp. v. United States Bureau of Reclamation, 15 F.3d 963, 968 (10th Cir. 1994). Colorado provides for a two-year statute of limitations for such actions. See Colo. Rev. Stat. § 13-80-102; Blake v. Dickason, 997 F.2d 749, 750 (10th Cir. 1993) (applying § 13-80-102 to § 1983 claim). Federal law determines when a cause of action accrues. "The statute of imitations begins to run when the plaintiff knows or has reason to know of the existence and cause of injury which is the basis of his action." Industrial Constructors Corp., 15 F.3d at 969. Here, the bulk of Mr. Russell-El's claims accrued in late October 1995, while a few accrued in November and December of that year.

Mr. Russell-El signed his complaint and motion seeking leave to proceed in forma pauperis and mailed them on April 16, 1998. See Rec., doc. 3 at 6. Applying the mailbox rule, see Houston v. Lack, 487 U.S. 266, 270 (1988) (holding that a pro se prisoner's notice of appeal is filed on the date it is deposited in the prison mail system to be mailed to the court), the earliest date this action was commenced was April 16, 1998. Thus, his action is time-barred unless he can demonstrate a basis for tolling the statute. See Aldrich v. McCulloch Properties, Inc., 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Mr. Russell-El acknowledges that he filed this complaint more than two years after the alleged violations, but contends that the statute of limitations was tolled by a prior complaint, dismissed by the court without prejudice. See Russell-El v. Correctional Officers (Unknown), Civ. No. 97-D-1087 (D. Colo. July 23, 1997). The first complaint raised the same claims and was filed on May 7, 1997. See Order of Dismissal at 5. This case was dismissed for failure to exhaust administrative remedies and for failure to supply the court with documentation relating to Mr. Russell-El's financial status.[1] (This Circuit subsequently held that administrative remedies need not be exhausted when a prisoner brings a Bivens claim seeking only monetary damages. See Garrett v. Hawk, 127 F.3d 1263, 1267 (10th Cir. 1997)).

Like the matter of the statute of limitations, the issue of tolling is governed by Colorado state law. See Hardin v. Straub, 490 U.S. 536, 539 (1989); Fratus v. Deland, 49 F.3d 673, 675 (10th Cir. 1995). According to Colo. Rev. Stat. § 13-80-111(1):

> [i]f an action is commenced within the period allowed by this article and is terminated because of lack of jurisdiction or improper venue, the plaintiff . . . may commence a new action upon the same cause of action

---

[1]Mr. Russell-El argues that the district court erred when it dismissed his earlier complaint. Although he could have appealed that decision directly, he did not do so. He may not now attack that final judgment collaterally in this proceeding. See Fed. R. App. P. 4(a); Chico-Velez v. Roche Products, Inc., 139 F.3d 56, 59 (1st Cir. 1998) (citing Retail Clerks Local No. 1564 v. Your Food Stores of Santa Fe, Inc., 225 F.2d 659, 663 (10th Cir. 1955)).

within ninety days after the termination of the original action or within the period otherwise allowed by this article, whichever is later . . . .

In applying this statute to the facts of this case, there is some question as to when the ninety day grace period starts to run. However, under either alternative starting date, Mr. Russell-El's Bivens action is untimely.

In particular, if the ninety day period started to run on July 23, 1997 (the date that the district court dismissed the prior action without prejudice), then the ninety day period would end in October 1997, before two years had passed from the accrual of Mr. Russell's claims on October 26, 1995, October 29, 1995, and November 6, 1995. Under that application of Colo. Rev. Stat. § 13-80-111(1), the ninety day grace period would not be triggered at all, and Mr. Russell-El's claims would be barred because more than two years had elapsed from the date of accrual and April 1998, the date that Mr. Russell-El filed this action.

On the other hand, even if the ninety-day grace period started to run on October 1, 1997 (the date that Mr. Russell-El exhausted his administrative remedies) his claims are still untimely.[2] Even though beginning the grace period

---

[2]It is unclear whether Colorado is among the jurisdictions which toll statutes of limitations during exhaustion of administrative remedies, if exhaustion is required before a suit may be filed. See, e.g., Spiegel v. School Dist. No. 1, Laramie County, Wyoming, 600 F.2d 264, 266-67 (10th Cir. 1979) (discussing tolling in Wyoming), overruled on other grounds by Garcia v. Wilson, 731 F.2d 640 (10th Cir. 1984); Wagher v. Guy's Foods, Inc., 885 P.2d 1197, 1205 (Kan. 1994). We need not make such a determination, in this matter. The district court required exhaustion prior to filing suit, but Mr. Russell-El exhausted his

(continued...)

on that date would extend the permissible date for filing the action beyond the original two year period (i.e., beyond October and November 1997), the end of the ninety day period under that method of calculation would still come well before April 1998.

Finally, Mr. Russell-El urges that the statute of limitations should be tolled for equitable reasons because he pursued his claims diligently after 97-D-1087 was dismissed without prejudice. Pursuant to Colorado law, equitable tolling "is limited to situations in which either the defendant has wrongfully impeded the plaintiff's ability to bring the claim or truly extraordinary circumstances prevented the plaintiff from filing his or her claims despite diligent efforts." Dean Witter Reynolds, Inc. v. Hartman, 911 P.2d 1094, 1099 (Colo. 1996).

As the district court found, "Mr. Russell-El also fails to allege any extraordinary circumstances that prevented him from bringing his claims despite diligent efforts." Order of Dismissal at 6. After 97-D-1087 was dismissed, Mr. Russell-El exhausted his administrative remedies on October 1, 1997. On October 15, 1998, rather than filing a new complaint, he filed a motion for continuance in 97-D-1087, which was denied because that case had already been dismissed. Although we understand that a pro se plaintiff may have some

---

[2](...continued)
administrative remedies in less than three months. Such tolling would not bring the filing of the complaint within the limitations period. Under no tolling theory would the complaint be timely.

confusion as to the procedural aspects of the law, Mr. Russell-El provides no explanation for having waited an additional six months before filing the instant action on April 16, 1998. Thus, we agree with the district court's determination that equitable tolling is not appropriate in this action, "because Mr. Russell-El's failure to return promptly to federal court following exhaustion of administrative remedies does not demonstrate diligent efforts to pursue his claims." Id. at 7.

In summary, the district court correctly dismissed Mr. Russell-El's claims, which are barred by the statute of limitations. Accordingly, we AFFIRM the district court's order of dismissal.

Entered for the Court,


Robert H. Henry
Circuit Judge